**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

FAO ROC HOLDINGS, LLC and
MERCHSOURCE, LLC,

      Plaintiffs,

         v.

REMO SARACENI,

      Defendant.

Case No. 1:22-cv-00831

## COMPLAINT

Plaintiffs FAO Roc Holdings, LLC ("**FAO Roc**") and MerchSource, LLC ("**MerchSource**") (collectively, "plaintiffs") hereby allege as follows for their claims against defendant Remo Saraceni ("**defendant**") as follows:

### JURISDICTION AND VENUE

1.      This is an action for false designation of origin, false or misleading description of fact, or false or misleading representation of fact in violation of 15 U.S.C. § 1125(a); false advertising in violation of 15 U.S.C. § 1125(a); injunctive relief and damages under 15 U.S.C. §§ 1114, 1117, 1118 and 1125; declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and violations of Section 360-1 of the New York General Business Law.

2.      FAO Roc is a limited liability corporation organized under the laws of the State of Delaware, with a place of business at 1230 Avenue of the Americas, 16th Floor, Suite 1646, New York, New York 10020.

3.      FAO Roc's sole member is 360 Holdings III Corp., a corporation organized under the laws of the State of Delaware with a place of business in Irvine, California.

4.      MerchSource is a limited liability corporation organized under the laws of the State of Delaware, with a place of business at 7755 Irvine Center Drive, Irvine, California 92861.

5.      MerchSource's sole member is 360 Holdings III Corp., a corporation organized under the laws of the State of Delaware with a place of business in Irvine, California.

6.      On information and belief, Remo Saraceni is a resident of Pennsylvania.

7.      This Court has original and exclusive jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has subject matter jurisdiction under the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. In addition, and independent of the foregoing, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties' citizenship is diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court has jurisdiction over related state and common law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

8.      This Court has personal jurisdiction over defendant because, as set forth herein, defendant at least (i) transacts any business within New York, (ii) has committed tortious acts within New York, and/or (iii) has committed tortious acts without New York causing injury to persons or property within New York and regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or expects or should reasonably expect the act to have

consequences in the state and derives substantial revenue from interstate or international

commerce. CPLR § 302(a).

9.      Venue is proper under 28 U.S.C. 1391(b)(2) because a substantial part of the

events or omissions giving rise to the claims occurred in this district.

## RELEVANT FACTS

10.      FAO Roc is the owner and operator of the iconic and world-famous FAO

Schwarz® toy store. Founded by Frederick August Otto Schwarz in the 1800s, FAO Schwarz is

often credited as the oldest toy store in the United States and is famous, not only for its high-end

toys, life-sized animals, giant clock tower, and interactive experiences, but for its appearance and

role in popular culture. For example, the store currently located at 30 Rockefeller Plaza was

recently featured in an episode of Disney/Marvel's *Hawkeye*.

11.      Perhaps the best known and most famous appearance of FAO Schwarz in pop

culture is from the 1988 movie *Big,* where stars Tom Hanks and Robert Loggia danced to "Heart

& Soul" and "Chopsticks" on a big, dance-on piano in the FAO Schwarz flagship store in New

York.



12.     FAO Schwarz was not just a set location in *Big*—Robert Loggia's character was based on FAO Schwarz's then-CEO Peter Harris, and the inspiration for including the scene in the movie came after the writers, Anne Spielberg and Gary Ross, visited the FAO Schwarz store for a prop that would give the Robert Loggia's and Tom Hank's characters an opportunity to build a relationship. After multiple visits to FAO Schwarz, the writers settled on the Walking Piano that was in the store.

13.     However, the film's writers requested that the existing piano be modified to have more octaves and to have keyboards that light up. Thus, the specific piano featured in the movie *Big* was the brainchild of the writers of the movie.

14.     The success and popularity of *Big* cemented the FAO Schwarz flagship as a destination for New Yorkers and visitors alike. The big piano—with the features and design specified by the film's writers—was immensely popular with FAO Schwarz customers, and many visitors would come to the store to re-enact the scene from *Big,* or at least to play the piano.

15.     The success of *Big* and the popularity of the FAO Schwarz flagship led to the development of the 1996 Broadway show, *Big: The Musical.* FAO Schwarz was a major investor in *Big: The Musical* and was expressly mentioned throughout the show. *Big: The Musical* received 5 Tony Award nominations and subsequent productions have made several tours of the United States and abroad.

16.     The specific dance-on piano featured in *Big* was called the WALKING PIANO but, sometime after the success of the movie *Big*, defendant began referring to his WALKING PIANO as the BIG PIANO. Prior to about 2015, defendant's large dance-on piano was featured at FAO Schwarz, but that stopped when the then-owners closed the store.

17.     FAO reopened FAO Schwarz in 2018, and the new flagship also features a big piano device, but not defendant's. FAO Schwarz instead installed a large dance-on piano from a competitive U.S. company, Monster Piano.

18.     Since 2018, defendant has attempted to prevent FAO Roc from descriptively referring to any piano mat, including toy piano mats sold by FAO Schwarz, as a "big" piano, and from truthfully reminding customers and the public of FAO Schwarz history, or its role in *Big* or in the iconic piano scene at the FAO Schwarz flagship store. Moreover, defendant claims that FAO Roc does not have the right to make such statements or create such associations with the film *Big,* including the iconic piano dance scene filmed at FAO Schwarz, or with *Big: The Musical*.

19.     Defendant has further alleged that MerchSource entered into an enforceable contract with him under which MerchSource promised that neither it nor an affiliate would ever use the trademark BIG PIANO or associate themselves with defendant, and that MerchSource has breached that agreement because, in part, FAO Schwarz has used the phrase "big piano" descriptively and referenced *Big* and *Big: The Musical.*

20.     While on the one-hand seeking to deprive FAO Roc of the ability to truthfully refer to the history of FAO Schwarz and its identification with, and roles in, *Big, Big The Musical*, and the history of a big piano mat at the FAO Schwarz flagship, defendant on the other hand takes every opportunity to associate himself and his products with FAO Schwarz, thereby improperly capitalizing on FAO's goodwill, the public's associations with FAO Schwarz and, ultimately, creating a false impression that defendant is associated or affiliated with FAO Schwarz.

21.    Defendant's improper activities include displaying the following images and descriptions on one of his websites at bigpiano.com:

 

 

22.    These examples expressly and obviously include trademarks, trade dress, copyright, and other intellectual property associated with FAO Schwarz, as do many other photographs and materials on display at bigpiano.com.

23.    Defendant is further improperly associating himself and his products with FAO Schwarz by, for example, creating a website design that causes "Fao (*sic*) Schwarz Big Piano" to appear in a Google® search result. The webpage code from the bottom image clearly shows that defendant used meta data to specifically include "Fao (*sic*) Schwarz Big Piano."



https://bigpiano.com ⋮

**Bigpiano - Tom Hanks Big Piano, Fao Schwarz Big Piano ...**

Introducing the Original edition of the **Big Piano**™ made famous by the classic movie "Big" starring Tom Hanks. Created by the Italian artist inventor Remo ...

About · Rent · Models · Shop

```
<!DOCTYPE html><html lang="en-US"><head><link rel="icon" href="//img1.wsimg.com/isteam/ip/5cb0c40e-af27-
<meta property="og:site_name" content="bigpiano"/>
<meta property="og:title" content="Bigpiano - Tom Hanks Big Piano, Fao Schwarz Big Piano, Big Piano"/>
<meta property="og:description" content="The Motion Picture Original Walking Piano by Remo Saraceni"/>
```

24.     Defendant's effort to monopolize the public's love of *Big* and recognition of the iconic piano scene from FAO Schwarz is unwarranted, but his efforts to then improperly trade off the name, images, and indicia of FAO Schwarz is improper… especially when defendant himself admits on his website that the iconic piano was a "FAO Schwarz BIG Piano."

## The Big Piano®

Unveiled in 1982 in Remo Saraceni's imaginative interactive studio, where state-of-the-art technology fueled limitless artistic creativity and imaginative science, the Big Piano immediately received national recognition when it was featured with its inventor in major newspapers, magazines, radio and television. The iconic FAO Schwarz BIG Piano starting selling in the store in 1983, thats's five years before Tom Hanks movie "BIG"!

**FIRST CLAIM**

**False Affiliation, Connection, or Association, 15 U.S.C. § 1125(a)**

25.     FAO Roc incorporates the preceding paragraphs as though fully set forth herein.

26.     FAO Roc is the owner and operator of FAO Schwarz and the exclusive licensee of the FAO Schwarz trademarks.

27.     Defendant, without authorization from FAO Roc, is and has used the FAO Schwarz name, images of and from FAO Schwarz, and other indicia of FAO Schwarz in commerce in connection with goods or services.

28.     Defendant's preceding uses of "FAO Schwarz" is intended and is false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is intended to and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of defendant with FAO Roc, or as to the origin, sponsorship, or approval of defendant's goods, services, or commercial activities by FAO Roc.

29.     Defendant's conduct constitutes false designation of origin and false and misleading description and representation of fact, all in violation of 15 U.S.C. § 1125(a).

30.     Upon information and belief, defendant's false designation of origin and false and misleading description and representation of fact regarding FAO Schwarz was and is willful and intentional.

31.     Upon information and belief, by its acts, defendant has made and will continue to make substantial profits and gains to which it is not entitled in law or equity.

32.     Upon information and belief, defendant intends to continue its wrongful acts, unless restrained by this Court.

33.     Defendant's conduct has damaged and will continue to damage FAO Roc, and FAO Roc has no adequate remedy at law.

## SECOND CLAIM

## False Advertising or Promotion, 15 U.S.C. § 1125(a)

34.     FAO Roc incorporates the preceding paragraphs as though fully set forth herein.

35.     Defendant is and has displayed or otherwise used "FAO Schwarz" and indicia associated with the store in association with and to advertise products that are neither branded FAO Schwarz nor approved by FAO Roc for the FAO Schwarz brand.

36.     Defendant's statements are and were (i) made in connection with commercial advertising and promotion, (ii) material, and (iii) made in interstate commerce.

37.     These statements are and were commercial speech for the purpose of influencing consumers to buy defendant's goods or services, and made as part of a classic advertising campaign or otherwise disseminated sufficiently to the relevant purchasing public.

38.     These statements are literally false, and imply a falsehood that is likely to mislead or confuse consumers.

39.     Defendant's conduct constitutes false advertising and promotion in violation of 15 U.S.C. § 1125(a).

40.     Upon information and belief, defendant's false advertising and promotion is willful and intentional.

41.     Upon information and belief, by its acts, defendant has made and will continue to make substantial profits and gains to which it is not entitled in law or equity.

42.     Upon information and belief, defendant intends to continue its wrongful acts, unless restrained by this Court.

43.     Defendant's conduct has damaged and will continue to damage FAO Roc, and FAO Roc has no adequate remedy at law.

## THIRD CLAIM

### Declaratory Judgment

44.     Based at least in part on acts occurring in this district, defendant has accused plaintiffs of the following:

a.     False Designation And Unfair Competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by allegedly "passing off" of defendant's likeness, goods and services by (a) using a purported Big Piano Trade Dress and/or a commercial image and overall appearance that is allegedly confusingly similar to defendant's commercial image and overall appearance in connection with the marketing, promotion and sale of goods and services at and through FAO Schwarz and otherwise under the FAO brand; (b) by allegedly using a BIG PIANO trademark, or names, designations and devices that are allegedly confusingly similar thereto, and by engaging in a pattern of activity to allegedly mislead the public including the press and customers as to the true nature of plaintiffs' goods and services;

b.     Trade Dress Infringement in violation of 15 U.S.C. §1125(a) for alleged use in commerce of defendant's claimed Big Piano Trade Dress and/or a trade dress, image and overall appearance that is allegedly confusingly similar thereto without defendant's consent and allegedly likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that plaintiffs' products, services and activities are authorized, endorsed, sponsored or approved by defendant;

c.     Trademark Infringement in violation of 15 U.S.C. §1114(a) for alleged unauthorized use of U.S. Trademark Reg. No. 5,349,746 for BIG PIANO in connection with goods, services, and activities that is allegedly likely to cause confusion and mistake

and to deceive the public as to source of plaintiffs' goods, services, and activities and to allegedly mislead the public into believing that plaintiffs' products, services, and activities emanate from or are approved, sponsored or endorsed by defendant;

      d.      False Advertising in violation of 15 U.S.C. §1125(a)(1)(B) for alleged use in connection with its goods, services and activities in interstate commerce of alleged false or misleading descriptions and/or representations of fact that in commercial advertising and promotion misrepresent the nature, characteristics and/or qualities of plaintiffs' goods, services, and activities and/or defendant's goods, services or activities;

      e.      Violation of Right of Publicity for allegedly misappropriating defendant's identity by displaying, using, marketing and selling certain products and allegedly using trade dress, image and overall appearance that is allegedly confusingly similar to defendant's claimed Big Piano Trade Dress;

      f.      Breach of contract for executing a unilateral Affidavit stating that MerchSource and its affiliated companies would "not use the trademark BIG PIANO in commerce in connection with pianos, toy pianos, piano playmats, electronic keyboards, or any other item that would infringe Remo Saraceni's trademark rights without a prior written agreement" or "advertise, market or knowingly create an association between current or future products sold under the FAO Schwarz brand and Remo Saraceni or the BIG PIANO trademark without the prior written agreement of Remo Saraceni" and then engaging in conduct resulting in an alleged violation of the affidavit and a purported breach of contract;

      g.      Common law unfair competition and unjust enrichment for the same alleged activities;

h.      Trademark dilution in violation of 15 U.S.C. §1125(c) because, according to defendant, his claimed BIG PIANO trademarks and claimed Big Piano Trade Dress were famous in the United States and worldwide prior to plaintiffs' past, present, and future use of any goods, services, or activities, and that such activities by plaintiffs allegedly injure and will injure the defendant's business reputation and allegedly impair, diminish, and trade on the defendant's BIG PIANO trademarks and claimed Big Piano Trade Dress;

i.      Tortious Interference with Contractual and Prospective Contractual Relations because plaintiffs allegedly were pitching piano mat toy products to customers and purportedly had the purpose or intent to harm defendant by preventing defendant from acquiring and entering into contractual relationships with current or prospective business partners.

45.     Plaintiffs deny that any of defendant's claims against plaintiffs have merit.

46.     An actual controversy exists between plaintiffs and defendant regarding defendant's allegations described above.

**PRAYER FOR RELIEF**

WHEREFORE, FAO Roc and MerchSource respectfully request that this Court:

a.      declare that FAO Roc and MerchSource do not have and have not breached any agreement with defendant, have not violated the Lanham Act with respect to defendant's trademark or alleged trade dress, violated plaintiff's right of publicity, violated defendant's common law rights, or were unjustly enriched;

b.      order an accounting by defendant of all gains, profits and advantages derived from his wrongful acts;

12

c.      award FAO Roc all of defendant's profits and all damages sustained by FAO Roc as a result of defendant's wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117;

d.      award FAO Roc its costs of this action, together with reasonable attorneys and investigators' fees and prejudgment interest in accordance with 15 U.S.C. § 1117;

e.      award FAO Roc damages in an amount to be determined at trial, together with pre-judgment and post-judgment interest thereon; and

f.      enter an injunction ordering that defendant, its agents, servants, employees, and all other persons in privity or acting in concert with them be enjoined and restrained from:

1)      engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure FAO Roc's business reputation or weaken the distinctive quality of the FAO Schwarz trademarks and brand;

2)      using a false description or representation including designs and other symbols falsely describing or representing defendant's products as being sponsored by or associated with FAO Roc;

3)      further infringing the FAO Schwarz trademarks by marketing, advertising, or promoting products or services embodying the FAO Schwarz trademarks;

4)      making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that products not approved by FAO Roc are in any way associated or connected with FAO Roc or FAO Schwarz;

13

5)      engaging in any conduct constituting an infringement of FAO Roc's rights in, or to use or to exploit, said service marks or trademarks, or constituting any weakening of FAO Roc's reputation or goodwill; and

6)      making any statement or representation that FAO Roc and/or MerchSource breached any contract with defendant or violated plaintiff's rights.

Dated: January 31, 2022                    Respectfully submitted,

                                           RENNER OTTO

                                           By: /s/ Kyle B. Fleming
                                           MARK C. JOHNSON (pro hac to be filed)
                                           KYLE B. FLEMING
                                           1621 Euclid Avenue, Floor 19
                                           Cleveland, Ohio 44115
                                           mjohnson@rennerotto.com
                                           kfleming@rennerotto.com
                                           Telephone: 216.621.1113
                                           Facsimile: 216.621.6165

                                           Attorneys for FAO Roc Holdings, LLC and
                                           MerchSource LLC